**Michael Wayne MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53059.**

Court of Criminal Appeals of Texas.

Oct. 13, 1976.

Dissenting Opinion On State's Motion For Rehearing Jan. 26, 1977.

Otis T. Clark, Fort Worth, for appellant.

Tim C. Curry, Dist. Atty., Paul E. Gartner, Jr. and Marvin Collins, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for attempting to obtain a controlled substance by fraud. Trial was before the court upon a plea of guilty, and punishment was assessed at two years.

The indictment alleged the offense occurred on or about July 25, 1975, and the record reflects that trial was on January 14, 1976.

Appellant contends in his sole ground of error that the indictment under which he was convicted is fatally defective because the offense charged does not exist under the laws of the State of Texas. The pertinent portion of the indictment recites as follows:

". . . that appellant did then and there with the specific intent to commit the offense of obtaining a controlled substance by fraud, did then and there knowingly and intentionally attempt by forgery, to acquire and obtain possession from Kathy Baker, of a controlled substance, to-wit: amphetamine by then and there using a forged prescription said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended."

Appellant urges that the indictment is defective because there is no law against attempting to obtain a controlled substance by fraud.

Article 4476–15, V.A.C.S., Sec. 4.09(a)(3), "The Controlled Substances Act," states that:

"It is unlawful for any person knowingly or intentionally to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge."

Section 4.09, supra, does not classify "attempt to obtain a controlled substance by fraud" as an offense, and no general criminal attempt provision is contained in the Controlled Substances Act.

The State argues that the Legislature intended for the criminal attempt provision of the new Penal Code, effective January 1, 1974, to apply to the Controlled Substances Act. We do not agree.

V.T.C.A., Penal Code, Sec. 15.01(a), reads as follows:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

However, V.T.C.A., Penal Code, Sec. 1.03(b), states that:

"*The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws*, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code." (Emphasis supplied.)

The general attempt provisions of Sec. 15.01, supra, are contained in Title 4 of the Penal Code and thus Sec. 1.03(b), supra, does not apply to Sec. 15.01, supra.

The forerunners of the Controlled Substances Act, the Uniform Narcotic Act, Art. 725b, V.A.P.C., and the Dangerous Drug Act, Art. 4476–14, V.A.C.S., did not contain "attempt" provisions originally, but through subsequent amendments both were provided with such provisions.

The Uniform Narcotic Act was repealed in 1973 with the enactment of the Controlled Substances Act. The Legislature saw fit to retain the "attempt" offenses in the Dangerous Drug Act, but omitted such provisions from the Controlled Substances Act. We can only conclude that the Legislature intended to omit the "attempt" offenses from the Controlled Substances Act. Contrary to the State's argument, we cannot agree that the Legislature in enacting the Controlled Substances Act, effective August 27, 1973, made such omission with the knowledge that the new Penal Code (effective four months after the Controlled Substances Act) would make the necessary provisions for making any attempt to violate any provisions of the Controlled Substances Act a criminal offense.

We hold that the attempt provisions set forth in the new Penal Code in Sec. 15.01, supra, do not apply to the Controlled Substances Act. The indictment in the instant case does not allege an offense and consequently the conviction based thereon is void. *American Plant Food Corporation v. State,* Tex.Cr.App., 508 S.W.2d 598; *Shane v. State,* Tex.Cr.App., 513 S.W.2d 579.

The judgment is reversed, the cause remanded, and the prosecution ordered dismissed.

Opinion approved by the Court.

DOUGLAS, Judge (dissenting).

The majority overrules the State's motion for rehearing without written opinion.

The judgment was reversed on the ground that attempting to obtain a controlled substance by fraud is not an offense under the laws of this State. I agree with the State's contention that the attempt provisions set forth in V.T.C.A., Penal Code, Section 15.01, apply to the Controlled Substance Act. The judgment should be affirmed.

The conviction was upon a plea of guilty before the court and punishment was assessed at two years. The sole contention is that the indictment is fatally defective because the offense of attempting to obtain a controlled substance by fraud does not exist under the laws of this State.

Article 4476–15, V.A.C.S., Section 4.09(a)(3), "The Controlled Substances Act", does not classify "attempt to obtain a controlled substance by fraud" as an offense, nor does the Act contain a general criminal attempt provision. In contrast, the Dangerous Drug Act as reenacted retained its attempt provisions (Article 4476–14, V.A.C.S., Section 14).

V.T.C.A., Penal Code, Section 15.01(a), provides that:

"A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

However, V.T.C.A., Penal Code, Section 1.03(b), provides:

"*The provisions of Titles 1, 2 and 3 of this code apply to offenses defined by other laws,* unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in

accordance with this code." (Emphasis added).

The general attempt provisions of Section 15.01, supra, are contained in Title 4 of the Penal Code. In the original opinion we concluded that Title 4 does not apply to offenses defined outside the Code.

The Controlled Substances Act, the Dangerous Drug Act and the Penal Code were enacted at the same session of the Legislature. They must be considered as being in pari materia although they contain no reference to one another and were not enacted simultaneously. Thus, the statutes must be construed together in arriving at the legislative intent. See 53 Tex.Jur.2d, Statutes, Sections 186–188, pp. 280–288. See also *Townsend v. State,* 427 S.W.2d 55 (Tex.Cr. App.1968); and *Loper v. Beto,* 440 F.2d 934 (5th Cir. 1971). See and compare *Cuellar v. State,* 521 S.W.2d 277 (Tex.Cr.App.1975); *Lovett v. Simmons,* 29 S.W.2d 1021 (Tex. Com.App.1930); *Oliphant v. Buie,* 134 S.W.2d 71 (Tex.Civ.App., Waco 1939); *City of Beaumont Independent School District v. Broadus,* 182 S.W.2d 406 (Tex.Civ.App., Amarillo 1944).

The in pari materia rule is bottomed on the supposition that "several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious in their several parts and provisions." 53 Tex.Jur.2d, supra, at pp. 283–284. Thus, effect must be given to all the provisions of each act so that they stand together and have concurrent efficacy.

The purpose of the rule is to effectuate the *full* legislative intent. We should find that the Penal Code and the Controlled Substances Act are complementary and have no difficulty in construing the statutes together. Accordingly, we should hold that the general attempt provisions set forth in Section 15.01, supra, apply to the Controlled Substances Act.

Other well established rules of statutory construction provide further support for our holding. *Newsome v. State,* 372 S.W.2d 681 (Tex.Cr.App.1963), held that in construing a statute its subject matter, reason and effect

must be looked to and when a literal enforcement would lead to consequences which the Legislature could not have contemplated, the courts are bound to presume that such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed.

*Lovell v. State,* 525 S.W.2d 511 (Tex.Cr. App.1975), held that it is presumed that the Legislature, in enacting a statute, intended a just and reasonable result and a result feasible of execution. There is no sound reason in policy or logic for the Legislature to intend to omit an attempt provision from the Controlled Substances Act. Such omission would lead to the absurd result that one could be prosecuted if a pharmacist gave him a prohibited substance in reliance on a forged prescription, but not if the pharmacist recognized and frustrated the criminal enterprise before it was completed. The Legislature could not have intended such a result.

When the Legislature enacted the Controlled Substances Act, it omitted the limited attempt provisions of the act's predecessor *and* altered the punishment provisions to conform to the punishment scheme set forth in the new Penal Code. This underscores the foregoing reasoning.

The wording of V.T.C.A., Penal Code, Sections 15.01(a) and 1.03(a), sheds further light on the Legislature's intent. Section 15.01(a) is not limited to offenses defined in the code. It states that one must intend to commit "an offense" to come within the ambit of the attempt provisions. Sections 1.03(a) provides that:

"Conduct does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioners court, or rule authorized by and lawfully adopted under a statute."

Thus, it was the intent of the Legislature to make all attempts to commit all offenses a violation of the provisions of Title 4 on Preparatory Offenses.

It appears that the Legislature intended that an attempt to commit an offense in-

volved in the Controlled Substances Act would not constitute an offense while attempts at all other crimes within the Penal Code would constitute offenses. Such a conclusion would contravene Section 1.05(a) of the Penal Code which provides:

> "The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed *according to the fair import of their terms,* to promote justice and effect the objective of the code." (Emphasis added).

See also the Code Construction Act, Article 5429b–2 (Supp.), V.A.C.S.

Finally, Section 14 of the Dangerous Drug Act makes attempts to obtain dangerous drugs by fraudulent means a crime. That act and the Controlled Substances Act were imbued with the same policy and spirit. It would be anomalous to conclude that one act but not the other was intended to contain an attempt provision.

Since the attempt provisions set forth in the Penal Code apply to the Controlled Substances Act, the indictment in the instant case properly alleges an offense. As a result the conviction based thereon should be upheld.