**Joey Glenn BAKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53458.**

Court of Criminal Appeals of Texas.

March 9, 1977.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant entered a plea of guilty before the court on March 25, 1975, to the offense of conspiracy to sell marihuana. Punishment was assessed at thirty days, probated for one year, and a fine of $100.00.

The record reflects that after a hearing on the State's motion to revoke appellant's probation on November 6, 1975, the court entered an order revoking appellant's probation finding that appellant had violated the terms of his probation by committing the offense of possession of marihuana on April 10, 1975.

The record is before us without a transcription of the court reporter's notes. No brief was filed in appellant's behalf as is required by Art. 40.09, V.A.C.C.P., Sec. 9. An examination of the record, however, reveals fundamental error which we must review in the interest of justice under Art. 40.09, V.A.C.C.P., Sec. 13.

At the outset, we are confronted with the problem of whether the primary conviction was void. The complaint and information of the primary offense purport to charge appellant with conspiring to sell marihuana. The information, omitting the formal parts, alleges that appellant, on or about July 27, 1974,

"did then and there unlawfully with intent that the offense of knowingly or intentionally delivering a controlled substance, to-wit: marijuana, more than one-fourth ounce agree with Thomas Langley to sell and deliver marijuana to J. F. Kilty and, in the pursuance of such agreement, Joey Glenn Baker and Thomas Langley did direct J. F. Kilty to the marijuana in order that it be inspected and Joey Glenn Baker did discuss with J. F. Kilty the price of the marijuana per pound purchases. . . ."

Article 4476–15, V.A.C.S., Sec. 4.05, "The Controlled Substances Act," states in pertinent part:

"(d) Except as otherwise provided by this Act, a person commits an offense if he knowingly or intentionally delivers marihuana.

(e) Except as provided in Subsection (f) of this Section, an offense under Subsection (d) of this section is a felony of the third degree.

(f) An offense under Subsection (d) is a Class B misdemeanor if the actor delivers one-fourth ounce or less without receiving remuneration."

Section 4.05, supra, does not classify conspiracy to sell marihuana as an offense, and the Controlled Substances Act contains no general conspiracy provisions. We note that it is an offense to *offer* to sell marihuana under Art. 4476–15, V.A.C.S., Secs. 1.02(8) and 4.05(d), but appellant has not been charged with such an offense here.

V.T.C.A. Penal Code, Sec. 15.02(a), reads as follows:

"(a) A person commits criminal conspiracy if, with intent that a felony be committed:

(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

(2) he or one or more of them performs an overt act in pursuance of the agreement."

The question before us is whether the criminal conspiracy provisions of the new Texas Penal Code apply to the Controlled Substances Act. We hold they do not.

In *Moore v. State*, 545 S.W.2d 140 (Tex. Cr.App., 1976), a similar question was answered regarding the applicability of the new Penal Code's general criminal attempt provision to the Controlled Substances Act. In *Moore*, we held:

"The State argues that the Legislature intended for the criminal attempt provision of the new Penal Code, effective January 1, 1974, to apply to the Controlled Substances Act. We do not agree. V.T.C.A. Penal Code, Sec. 15.01(a), reads as follows:

'A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.'

"However, V.T.C.A. Penal Code, Sec. 1.03(b), states that:

'*The provisions of Titles 1, 2 and 3 of this Code apply to offenses defined by other laws*, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code.' (Emphasis supplied.)

"The general attempt provisions of Sec. 15.01, supra, are contained in Title 4 of the Penal Code, and thus Section 1.03(b), supra, does not apply to Section 15.01, supra."

Since the criminal conspiracy provisions of V.T.C.A. Penal Code, Sec. 15.02 are also contained in Title 4 of the new Penal Code, the general provisions of V.T.C.A. Penal Code, Sec. 1.03(b), quoted in *Moore v. State*, supra, do not apply to Sec. 15.02, supra.

■ Consequently, we hold that the criminal conspiracy provisions set forth in Sec. 15.02, supra, do not apply to the Controlled Substances Act. The complaint and information in the instant case do not allege an offense against the laws of this State and the primary conviction based thereon is void. *Moore v. State, supra,* and cases therein cited.

The judgment is reversed, the cause remanded, and the prosecution ordered dismissed.

Opinion approved by the Court.

DOUGLAS, Judge, dissenting.

For the reasons stated in the dissenting opinion in *Moore v. State*, 545 S.W.2d 140 (Tex.Cr.App., 1976), the judgment should be affirmed.