**Ex parte Alejandro LOPEZ.**

**No. 54414.**

Court of Criminal Appeals of Texas.

April 13, 1977.

---

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

Ken Anderson, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, for appellant.

## OPINION

PHILLIPS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, Vernon's Ann.C.C.P.

Petitioner was convicted for the offense of criminal conspiracy and the punishment was assessed at eight (8) years confinement in the Department of Corrections.

Petitioner filed his application for writ of habeas corpus with the trial court alleging that the indictment upon which he was convicted is fatally defective, therefore requiring this conviction to be vacated. The trial court made findings of fact and conclusions of law recommending that the writ of habeas corpus be granted and thereafter forwarded the record to this Court, pursuant to Art. 11.07, supra.

██ We are in agreement with petitioner's contention. An examination of the indictment, omitting the formal parts, alleges that petitioner, on or about March 27, 1976,

"With intent that the felony offense of delivery of a controlled substance be committed, agree with Susie Salinas to deliver to David B. Shearod a controlled substance listed in Penalty Group 1, to-wit: Heroin, and in pursuance to such agreement Alejandro 'Charlie' Lopez did participate in the negotiation for the delivery of a controlled substance listed in Penalty Group 1, to-wit: Heroin."

This identical question was just recently reviewed in *Baker v. State,* 547 S.W.2d 627 (Tex.Cr.App., delivered March 9, 1977), wherein it was held that the criminal conspiracy provisions set forth in V.T.C.A., Penal Code, Sec. 15.02 do not apply to the Controlled Substances Act. Cf. *Moore v. State,* 545 S.W.2d 140 (Tex.Cr.App., delivered October 13, 1976). The indictment in the instant case does not allege an offense against the laws of this State and the conviction is void.

██ Petitioner may challenge fundamentally defective indictments by way of post conviction application for writ of habeas corpus. See *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr.App.1975); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976).

For the reasons stated above, the writ of habeas corpus is granted and the conviction in trial court No. 3045 is set aside and the indictment is ordered dismissed.

DOUGLAS, J., dissents for reasons set out in *Moore.*