Jim D. Vollers, State's Atty., Austin, for the State.

**David Harold HENDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56157.**

Court of Criminal Appeals of Texas.

Nov. 16, 1977.

State's Motion for Rehearing Denied Feb. 8, 1978.

OPINION

ROBERTS, Judge.

Appellant was charged by complaint and information with having "knowingly and intentionally possess(ed)" a dangerous drug, namely: DIAZEPAM. The offense was alleged to have occurred on or about August 8, 1976. On February 17, 1977, appellant waived trial by jury and entered a plea of guilty before the court. Punishment was assessed at one (1) day in jail and a fine of $250.00.

We have determined that the record contains reversible error which must be reviewed in the interest of justice. Art. 40.-09(13), Vernon's Ann.C.C.P.

---

In *Riddle v. State*, 560 S.W.2d 642 (Tex. Cr.App.1977), the defendant was charged with delivery of phentermine. In *Riddle* we first observed that substances included in the five schedules of the Controlled Substances Act are by definition not dangerous drugs.[1] We then observed that prior to the day on which Riddle delivered phentermine, the Texas Commissioner of Health had added the substance to Schedule IV of the Controlled Substances Act.[2] We then stated:

"Although the Commissioner of Health has been authorized by the Legislature to add to, to delete from, and to reschedule substances in the five schedules of the Controlled Substances Act, the commissioner has not been authorized to add substances to or delete substances from the four penalty groups of the act. We observe that the Controlled Substances Act does not provide penalties for possession and delivery of substances unless they are included in one of the four penalty groups of the act. . . ."[3]

We therefore held that since phentermine has not been added to a penalty group in the Controlled Substances Act there is no longer any penalty provided for the possession or delivery of phentermine.

Diazepam is not specifically listed as a controlled substance in the Controlled Substances Act, which is codified as Article 4476–15, Vernon's Ann.Civ.Stat. It appears, however, that the Commissioner of Health added diazepam to Schedule IV of the Controlled Substances Act, Sec. 2.06, effective July 10, 1975,[4] pursuant to his authority under Sec. 2.09 of that Act. Thus, under our holding in *Riddle,* there is no penalty provided for the possession, delivery or sale of diazepam.

Accordingly, the judgment is reversed and the prosecution is ordered dismissed.

---

1. The Dangerous Drug Act, Art. 4476–14, Sec. 2(a), V.A.C.S. defines a dangerous drug as "any drug or device that is not included in Schedules I through V of the Texas Controlled Substances Act and that is unsafe for self-medication, and includes the following:

"* * *

"(3) any drug or device which bears the legend: Caution: federal law prohibits dispensing without a prescription, . . ."
The Controlled Substance Act, Art. 4476–15, Sec. 2.17, V.A.C.S., provides that:
"The following substances are dangerous drugs regulated by the provisions of Chapter 425, Acts of the 56th Legislature, Regular Session, 1959, as amended (Article 726d, Vernon's Texas Penal Code):
"* * *
"(3) any substance that bears the legend: Caution: federal law prohibits dispensing without prescription; . . ."
The indictment in *Riddle* alleged that phentermine is a drug which bears the legend: Cau-

tion: federal law prohibits dispensing without a prescription.

2. The commissioner added phentermine to Schedule IV on August 28, 1973. This action was taken in conformity with the requirements of Section 2.09(e) of the Controlled Substances Act. Clearly the commissioner acted within his lawful authority. See *Tibbetts v. State,* 494 S.W.2d 552 (Tex.Cr.App.1973), as well as the other authorities cited in footnote 2 of the *Riddle* opinion.

3. Section 4.03 of the Controlled Substances Act provides in part:
"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3, or 4."

4. This was almost thirteen months prior to the date this appellant was alleged to have possessed diazepam.