**Ex parte David Allen RUSSELL.**

**No. 56962.**

Court of Criminal Appeals of Texas, Panel No. 2.

Feb. 22, 1978.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioner was convicted, on his plea of guilty to the court, of the offense of unlawfully attempting to obtain from a registered pharmacist a controlled substance, to-wit: dilaudid, by the use of a false and forged prescription, and was assessed a five year term of imprisonment on February 7, 1975. No appeal was perfected in this cause.

Petitioner filed his application for writ of habeas corpus contending that the indictment in the instant case failed to allege an offense, and the trial court entered findings of fact and conclusions of law recommending that the writ of habeas corpus be granted. We agree.

■ The disposition of this case is governed by *Moore v. State,* Tex.Cr.App., 545 S.W.2d 140. There we held that the criminal attempt provisions set forth in V.T.C.A., Penal Code Sec. 15.01, do not apply to the Controlled Substances Act (Art. 4476–15, Vernon's Ann.Civ.Stat.). The indictment in the instant case is substantially similar to the State's pleading in *Moore v. State.* Therefore, since the criminal attempt provisions of the Penal Code do not apply to violations of the Controlled Substances Act, the indictment in the case at bar fails to allege a proper offense. See also *Ex parte*

*Barns,* 547 S.W.2d 631 (Tex.Cr.App.1977); *Baker v. State,* 547 S.W.2d 627 (Tex.Cr.App. 1977); *Ex parte Lopez,* 549 S.W.2d 401 (Tex.Cr.App.1977).

The petitioner may, of course, challenge fundamentally defective indictments by way of post-conviction habeas corpus. See *Ex parte Roberts,* 522 S.W.2d 461 (Tex. Cr.App.1975); *Ex parte Lopez,* supra, and cases cited therein.

For the reasons stated, the writ of habeas corpus is granted, and the conviction in trial court no. C74–9660–HQM is set aside, and the indictment is ordered dismissed.