**Ex parte Edwin Paul BRANTLEY.**

**No. 57610.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 20, 1978.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

This is a petition for writ of habeas corpus brought pursuant to Article 11.07, V.A. C.C.P.

In 1974 an indictment was returned against petitioner which alleged that on or about the 23rd of August, 1974 petitioner did "knowingly and intentionally by forgery attempt to acquire and obtain possession of a controlled substance from Floyd H. Keller namely, Dilaudid, by then and there presenting a forged prescription. . . ."

On January 31, 1975, petitioner entered a plea of guilty before the court to this indictment and his punishment was assessed at a fine of $500 plus 10 years confinement in the Texas Department of Corrections. Imposition of sentence was suspended and petitioner was placed on probation. Subsequently, on July 28, 1975 petitioner's probation was revoked and the court reduced appellant's punishment to 7 years confinement in the Texas Department of Corrections.

Appellant now complains that the indictment on which his conviction was obtained is fundamentally defective for failure to allege an offense against the laws of this State. The record reflects that on December 8, 1977, the trial court found that the attempt provisions of V.T.C.A. Penal Code, Section 15.01(a) do not apply to the offenses contained in the Controlled Substances Act (Article 4476–15, V.A.C.S.), and therefore concluded that petitioner had been convicted on an indictment which failed to allege an offense.

Finding from the record that at the time of filing the subject petition, petitioner was confined pursuant to that conviction of which he now complains, we conclude that this Court has jurisdiction of this cause. See Article 11.07, Section 2(b), V.A.C.C.P.

Article 4476–15, supra, Section 4.09 provides in pertinent part:

"(a) It is unlawful for any person knowingly or intentionally:

\*　　\*　　\*　　\*　　\*　　\*

(3) to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge."

In *Moore v. State*, 545 S.W.2d 140 (Tex.Cr. App.1977), this Court held that the allegation that one had made an "attempt to obtain a controlled substance by fraud" failed to charge an offense, because the Controlled Substances Act does not contain a general criminal attempt provision, nor

does Section 15.01(a),[1] V.T.C.A. Penal Code apply to the Controlled Substances Act. The reasoning of *Moore*, supra, that Section 15.01(a) V.T.C.A., Penal Code does not apply to the Controlled Substances Act, is based on the expression of the Penal Code in Section 1.03(b) that "The provisions of Titles *1, 2, and 3* of this code apply to offenses defined by other laws . . . ." [Emphasis supplied.] Because Section 15.-01, supra, is contained in Title 4 of the penal code, this Court concluded that it should not apply to the Controlled Substances Act.

Petitioner in the instant case was alleged to have attempted to obtain a controlled substance by "forgery" rather than "fraud" as in *Moore v. State*, supra. However, for purposes of disposing of this petition, *Moore v. State*, supra is directly in point. We accordingly hold that the indictment in this cause is fundamentally defective for failure to allege an offense. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex. Cr.App.1974). Petitioner is presently confined under a void indictment.

Petitioner is ordered discharged from custody resulting from conviction in this cause.

---

1. Section 15.01(a), supra, provides:

   "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."