Harvey Lee NICHOLS & William Anthony Dugan, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 68360, 68595.

Court of Criminal Appeals of Texas, Panel No. 3.

Nov. 10, 1981.

Rehearing Denied July 13, 1983.

Melvyn Carson Bruder, J. Stephen Cooper, Charles L. Caperton, Dallas, for appellants.

Joseph Thigpen, Dist. Atty., Haskell, Gerald C. Carruth, Asst. Atty. Gen., Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and DALLY, JJ.

## OPINION

ODOM, Judge.

These are appeals from convictions for engaging in organized criminal activity. Appellants were jointly indicted with six other co-defendants. After entering guilty pleas to the court both of these appellants were assessed punishment in accordance with plea bargains. Nichols' punishment was assessed at three years and a $600 fine. Dugan's punishment was six years and a $600 fine. The same grounds of error are presented in both of these appeals. They complain of adverse rulings on pretrial motions to quash the indictment. See Art. 44.02, V.A.C.C.P.

The first ground of error asserts fourteen different contentions attacking the indictment. A motion to quash an indictment must be in writing. Art. 27.10, V.A.C.C.P.; *Faulks v. State,* 528 S.W.2d 607, 609 (Tex.Cr.App.). Only ten of the fourteen grounds of attack were included in appellants written motions to quash. We

therefore will only discuss the arguments made in those ten contentions.

■ The indictment in this case alleged:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"The Grand Jury for the County of Stonewall, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the May Term, A.D., 1980, of the 39th Judicial District Court of said County, upon their oaths present in and to said Court, that WILLIAM ANTHONY DUGAN, HARVEY LEE NICHOLS, ELMER GLENN STURGIS, THOMAS JOSEPH ROCHE, JR., STEPHEN ALAN ROCHE, JIMMY WAYNE BURROWS, GREGORY ALAN WICKERSHAM, AND GLENN EUGENE STEWERT, hereinafter styled the defendants, on or about the 8th day of May, A.D., 1979, and before the presentment of this indictment, in said County and State, did then and there with the intent to establish, maintain, and participate in a combination, and in the profits of a combination, conspire to commit the offense of unlawful delivery of a controlled substance, to-wit: marihuana, and did then and there agree among themselves, and with each other, to engage in conduct constituting said offense, namely, to intentionally and knowingly deliver to a person or persons unknown to the Grand Jury more than four (4) ounces of marihuana, and in pursuance of such agreement and in furtherance thereof, the said defendants performed overt acts as follows, to-wit:

"(1) On or about May 8, 1979, THOMAS JOSEPH ROCHE, JR., telephoned Steven Howard Bockstein from the Holiday Inn South in Austin, Texas, for the purpose of using Bockstein's pickup;

"(2) On or about May 8, 1979, Steven Howard Bockstein met with STEVEN ALAN ROCHE in Denton, Texas, to obtain a key to an Apt. # 229 located at 3815 Ichabod Circle in Arlington, Texas;

"(3) On or about May 8, 1979, Steven Howard Bockstein met and picked up JIMMY WAYNE BURROWS at DFW Airport in Irving, Texas;

"(4) On or about May 8, 1979, JIMMY WAYNE BURROWS traveled from Arlington, Texas, to approximately ten (10) miles northeast of Jayton, Texas, in Steven Howard Bockstein's pickup;

"(5) On or about May 8, 1979, ELMER GLENN STURGIS, arrived on Flight 961, Ozark airlines from Joplin, Missouri, to DFW Airport, Irving, Texas;

"(6) On or about May 8, 1979, GREGORY ALAN WICKERSHAM, STEPHEN ALAN ROCHE, and THOMAS JOSEPH ROCHE, JR., Met in Apt. # 229 at 3815 Ichabod Circle in Arlington, Texas; and

"(7) On or about May 8, 1979, WILLIAM ANTHONY DUGAN, GLENN EUGENE STEWERT, HARVEY LEE NICHOLS and ELMER GLENN STURGIS, met together in Stonewall County, Texas, with more than four (4) ounces of marihuana;

"AGAINST THE PEACE AND DIGNITY OF THE STATE."

Appellants first assert this indictment does not show that they were part of the conspiracy. They are specifically named in part (7) of the indictment, which alleges the particular overt act by which the State would show their participation in the alleged combination. The first contention is without merit.

■ They next assert it was improper to allege the persons to whom the marihuana would be delivered was unknown to the grand jury in that such other persons were known to the grand jury. No citation to the record supports this assertion and, in fact, one of the appellants testified at the guilty plea proceeding that not even he knew who would buy the marihuana. This contention is overruled.

■ Appellants also assert the indictment does not properly allege conspiracy under V.T.C.A., Penal Code Sec. 15.02. Such an allegation is not required in a prosecution for engaging in criminal activity, V.T.C.A., Penal Code Sec. 71.02. The phrase "conspires to commit" used in Sec.

71.02, supra, does not refer to the offense of conspiracy defined in Sec. 15.02, supra, but refers instead to the definition of "conspires to commit" set out in V.T.C.A., Penal Code Sec. 71.01(b).

Next appellants argue that the State in this prosecution was apparently seeking to invoke the punishment provisions of Sec. 71.02(c), supra, but the indictment fails to make the necessary allegations. We disagree. Sec. 71.02(c) provides:

"(c) Conspiring to commit an offense under this section is of the same degree as the most serious offense listed in Subdivisions (1) through (5) of Subsection (a) of this section that the person conspired to commit."

Appellants argue that the phrase "conspiring to commit an offense under this section" means conspiring to commit engaging in organized criminal activity. This reading ignores the rest of this subsection, which makes it clear that the offense "that the person conspired to commit" refers to offenses "listed in Subdivisions (1) through (5)," i.e., in this case, delivery of marihuana. The contention is without merit.

In the next argument presented, appellants contend the indictment fails to allege any overt acts were performed. We find the language "the said defendants performed overt acts as follows," with the specific overt acts then listed, is sufficient to allege specific overt acts and that those acts were performed. We overrule this contention.

Appellants also argue the indictment is duplicitous, alleging engaging in organized criminal activity, delivery of marihuana, and possession of marihuana. Apparently appellants are relying on the fact the allegations of specific overt acts also happen to be allegations of other offenses. When the allegation of one offense necessarily includes another offense, no violation of the rule against duplicitous pleading occurs. See *Faulks v. State*, 528 S.W.2d 607.

Another contention raised is that the indictment fails to allege that there were at least four other people involved in the combination. The indictment names eight individuals as participants in the combination. This was sufficient.

Finally, they argue that the indictment fails to allege a culpable mental state and fails to allege they had knowledge that there were at least four other people in the combination. The indictment alleges they acted "with intent to establish, maintain, and participate in a combination . . ." This is the culpable mental state provided by Sec. 71.02, supra. The indictment is sufficient.

The first ground of error is overruled.

In the remaining ground of error appellants contend their motions to quash the indictment should have been granted on grounds that Sec. 71.02, supra, is unconstitutional. Again, a multifarious attack is launched under a single ground of error. First they assert the adoption of Sec. 71.02 by the Legislature was an unconstitutional attempt to amend the Controlled Substances Act (Art. 4476–15 et seq., V.A.C.S.), in that the caption of the bill did not give notice of this. Appellants do not state what part of the Controlled Substances Act has been altered by adoption of Sec. 71.02. No offense under the Controlled Substances Act has been altered and no punishment under that act has been affected. This first contention is without merit.

Next, appellants assert the language of Sec. 71.02 is vague. It is argued that "deliver" and "controlled substance" are not defined in the Penal Code. We think it obvious that the references of Sec. 71.02(a)(5) to "unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception" are necessarily references to those offenses as defined in the Controlled Substances Act and the Dangerous Drugs Act. We perceive no vagueness.

Appellants also argue Sec. 71.02(a)(5) is vague in that it is not clear

whether the phrase "through forgery, fraud, misrepresentation, or deception" applies only to unlawful possession or also to unlawful manufacture, delivery, dispensation and distribution. We find that a plain reading of the statute limits the questioned phrase to unlawful possession. Cf. *Garza v. State,* 522 S.W.2d 693 (Tex.Cr.App.).

■ Finally, appellants assert that the statute is unconstitutional because punishment may be determined only by consulting statutes outside the Penal Code. Although the punishment ranges provided in Sec. 71.-02(b) and (c) depend on the punishment range of the object offense and the object offense in this case is defined in the Controlled Substances Act, the fact remains that the punishment applicable to an offense under Sec. 71.02 is fixed under Chapter 12 of the Penal Code. The contention is without merit.

The ground of error is overruled.

The judgments are affirmed.

Before the court en banc.

## ON APPELLANTS' MOTION FOR REHEARING

ONION, Presiding Judge.

These appeals are from convictions for engaging in organized criminal activity by conspiring to commit the offense of unlawful delivery of a controlled substance, to-wit: marihuana of more than four ounces under the provisions of V.T.C.A., Penal Code, § 71.02(a)(5). The punishment assessed appellant Nichols was three (3) years' imprisonment and a $600 fine. Appellant Dugan's punishment was assessed at six (6) years' imprisonment and a $600 fine.

On original submission the convictions were affirmed in a panel opinion. We granted a rehearing to consider the questions raised by the motion for rehearing.

Appellant urges that caption of the bill adding to the Penal Code Title 11, Chapter 71 violates Article III, § 35 of the Texas Constitution and the act is void insofar as it is used to charge offenses involving controlled substances.

Article III, § 35 of the State Constitution provides:

"Sec. 35. No bill ... shall contain more than one subject, which shall be expressed in its title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed."

The caption of Senate Bill No. 151, Acts, 1977, 65th Leg., ch. 346, p. 922, adding to the Penal Code Title 11, Chapter 71 states:

"An act relating to a definition of 'combination' and 'conspires to commit' in relation to organized crime and to the offense of engaging in organized criminal activity; creating certain offenses; providing penalties and venue for prosecution; providing testimonial immunity; excluding certain defenses; providing a defense by renunciation; amending the Penal Code to add Title 11, Organized Crime; adding Article 13.21 to the Code of Criminal Procedure, 1965, as amended; and declaring an emergency."

V.T.C.A., Penal Code, § 71.02, enacted as part of said Chapter 71, provides in part:

"(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination; he commits or conspires to commit one or more of the following:

"(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, or forgery;

"(2) any felony gambling offense;

"(3) promotion of prostitution; aggravated promotion of prostitution, or compelling prostitution;

"(4) unlawful manufacture, transportation, repair, or sale of firearms or prohibited weapons;

"(5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance, or dangerous drug through for-

gery, fraud, misrepresentation, or deception .... "

Appellants were indicted under § 71.-02(a)(5).[1]

In speaking of said Article III, § 35, this court, in *White v. State,* 440 S.W.2d 660, 664 (Tex.Cr.App.1969), wrote:

"The reason underlying this constitutional requirement is to advise the Legislature and the people of the nature of each particular bill so as to prevent the insertion of obnoxious clauses which might otherwise be engrafted on it and become law. Fraud and deception are rendered less likely if the caption or title of an act, which is often the only part of the bill read by busy members of the Legislature, fully apprises the members of the contents of the bill itself .... "

*Shannon v. Rogers,* 159 Tex. 29, 314 S.W.2d 810, 814 (Tex.1958), notes the mandatory provisions of the constitutional provision requires the caption of every bill must give all interested persons "a ready and reasonably accurate means of knowledge of the contents of bills without their having to read the full text."

Appellant argues that the caption here involved failed to indicate in any manner that the Texas Controlled Substances Act (Article 4476–15, V.A.C.S.) was affected by the bill. Appellant contends that there was created for the first time a violation of the Texas Penal Code that incorporated portions of the Controlled Substances Act. We do not have here a bill that amends or changed the Controlled Substances Act. V.T.C.A., Penal Code, § 71.02(a)(5), creates an offense or offenses within the framework of the Penal Code by mere reference to offenses in the Controlled Substances Act. The Controlled Substances Act was not affected.

 Other statutes outside the Penal Code may be looked to in ascertaining the definition of an offense and to give meaning to language that appears in criminal statutes. *South v. State,* 72 Tex.Cr.R. 381, 162 S.W. 510, 512 (Tex.Cr.App.1913); *Carter v. State,* 135 Tex.Cr.R. 457, 116 S.W.2d 371, 376 (Tex.Cr.App.1937).

The caption of said Senate Bill 151 of the 65th Legislative Session did not run afoul of Article III, § 35 of the State Constitution. The caption was not required to give notice of what laws it did not affect, amend, change, etc.

Appellants' contention is overruled.

Next appellants claim the indictment is fundamentally defective for failing to allege an offense because there is no Penal Code offense of "unlawful delivery of a controlled substance." They argue the court was without jurisdiction to hear their pleas of guilty. *Ex parte County,* 577 S.W.2d 260 (Tex.Cr.App.1979).

Appellants base their contentions on the premise that V.T.C.A., Penal Code, § 1.03, makes only the provisions of Title 1, 2 and 3 of the Penal Code applicable to offenses outside the Penal Code,[2] and since the statute in question [§ 71.02(a)(5)] is found in Title 11 of the Penal Code that it cannot apply to offenses in the Texas Controlled Substances Act.

Appellant relies upon *Moore v. State,* 545 S.W.2d 140 (Tex.Cr.App.1976), and *Baker v. State,* 547 S.W.2d 627 (Tex.Cr.App.1977). In *Moore* it was held the general attempt provisions of the Penal Code [§ 15.01] found in Title 4 were not applicable to the Controlled Substances Act. In addition to other historical significances, it was observed that the Controlled Substances Act was enacted without a general attempt provision and became effective four months prior to the current Penal Code. In *Baker* it was held that the general conspiracy provision of the Penal Code [§ 15.02] found in

---

1. The indictment is set out in full in the panel opinion on original submission.

2. V.T.C.A., Penal Code, § 1.03(b), states:
 "The provisions of Titles 1, 2, and 3 of this code apply to offenses defined by other laws, unless the statute defining the offense provides otherwise; however, the punishment affixed to an offense defined outside this code shall be applicable unless the punishment is classified in accordance with this code."

Title 4 did not apply to the Controlled Substances Act. See also *Ex parte Russell,* 561 S.W.2d 844 (Tex.Cr.App.1978); *Dubry v. State,* 582 S.W.2d 841, 844 (Tex.Cr.App. 1979).

The general criminal attempt provisions of § 15.01 and the general conspiracy provision of § 15.02 of the Penal Code do not create offenses in and of themselves. In *Moore* and *Baker* efforts were made to prosecute for an attempt to commit or a conspiracy to commit offenses found in the Controlled Substances Act utilizing §§ 15.-01 or 15.02 of the Penal Code because the Controlled Substances Act did not have similar provisions.

■ In the instant case prosecution is brought under § 71.02(a)(5) of the Penal Code. The offense is there defined and the penalty is contained in the Penal Code. The offense is complete within the Penal Code. Prosecution in the instant case was not dependent upon the utilization of a separate provision of the Controlled Substances Act to make the offense under the Penal Code complete. This is not to say that there is no need to refer to the Controlled Substances Act in ascertaining the definition of the offense under the Penal Code and to give meaning to the language found in the Penal Code statute. Such reference is entirely permissible, *South v. State,* supra, and *Carter v. State,* supra, without rendering the statute incomplete within the framework of the Penal Code.

We overrule appellants' contention that the indictment is fundamentally defective because it did not charge an offense against the laws of Texas.

■ Appellants additionally argue the indictment is fundamentally defective for failing to state an offense because marihuana is not a "controlled substance" as that term is used in V.T.C.A., Penal Code, § 71.02(a)(5).

The indictment alleged in part the appellants did "conspire to commit the offense of delivery of a controlled substance, to wit: marihuana . . . ."

Appellants note that on original submission the panel held that references in § 71.02(a)(5) to terms including "a controlled substance are necessarily references to those offenses as defined in the Controlled Substances Act and the Dangerous Drug Act."

Appellant argues that "a controlled substance" as used in the indictment must follow the definitions in the Controlled Substances Act. In Article 4476–15, § 1.02(5), V.A.C.S., it is stated:

" 'Controlled substance' means a drug, substance, or immediate precursor listed in Schedules I through V and Penalty Groups 1 through 4 of this Act."

Appellants cite *Henderson v. State,* 560 S.W.2d 645 (Tex.Cr.App.1977), for the proposition that a "controlled substance" requires that the substance be listed in both a "schedule" and a "penalty group." Appellants' reliance upon *Henderson* is misplaced. *Henderson* held that a conviction for possession of diazepam had to be reversed because, although diazepam was listed in a "schedule," there was no penalty for possession of diazepam. See also *Riddle v. State,* 560 S.W.2d 642 (Tex.Cr.App.1977). *Henderson* did not hold that a controlled substance must be listed in both a schedule and a penalty group.

In *Hodges v. State,* 604 S.W.2d 152 (Tex. Cr.App.1980), a panel of this court wrote:

"Elsewhere appellant argues that the definition of controlled substance in Sec. 1.02(5) requires a substance be listed in both a penalty group *and* a schedule before it is a controlled substance. * * * we think the plain language of Secs. 1.02(5), 2.01, 2.04(a) and 4.02(a) indicates that *any* substance in *any* penalty group or *any* schedule is a controlled substance. Only the criminal and regulatory consequences depend on the penalty group or schedule in which the substance is listed. The ground of error is overruled." (Emphasis in original.)

Marihuana is defined in Article 4476–15, § 1.02(17), and is currently found in Schedule I of the Controlled Substances Act. (Article 4476–15, § 2.03(d)(13). The penal-

ties for the unlawful possession of marihuana are set forth in Article 4476–15, § 4.051, V.A.C.S.

We hold that marihuana is a controlled substance for the purpose of V.T.C.A., Penal Code, § 71.02(a)(5).

Appellant's motion for rehearing is overruled.

CAMPBELL, J., not participating.