BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-02-0196-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



JULY 12, 2002


________________________________



ABEL GARCIA SANCHEZ,



 Appellant

v.


THE STATE OF TEXAS,


 Appellee

_________________________________



FROM THE 64TH JUDICIAL DISTRICT OF HALE COUNTY;



NO. A13486-9908; HON. JACK R. MILLER, PRESIDING


_______________________________ 


Before QUINN, REAVIS, and JOHNSON, JJ.

 Abel Garcia Sanchez (appellant) appeals his conviction for burglary of a habitation.
Appellate counsel, Kreg Hukill, moved to withdraw as counsel of record for appellant. He
did so on the grounds that appellant had filed a grievance against him. In his motion,
Hukill averred that he notified his client of the motion and his right to object to it. We
received no objection from appellant and granted the motion. At this point, appellant is
without appellate counsel. 

 Accordingly, we abate this appeal and remand the cause to the 64th District Court
of Hale County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine the following:

 1. whether appellant desires to prosecute this appeal; 


 whether appellant is still indigent and entitled to appointed counsel; and 


 3. whether appellant desires the appointment of counsel or desires to act pro
se (after receiving appropriate admonishment about representing one's self).

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, wants appointed counsel, then we further direct the court
to appoint new counsel to assist in the prosecution of the appeal. The name, address,
phone number, telefax number, and state bar number of the new counsel who will
represent appellant on appeal must also be included in the court's findings of fact and
conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a
supplemental clerk's record containing the findings of fact and conclusions of law, and 2)
a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before August 11, 2002. Should
additional time be needed to perform these tasks, the trial court may request same on or
before August 11, 2002. 

 We do caution, however, that appellant is not entitled to counsel of his own
choosing. Nor may he utilize the State Bar grievance system to surreptitiously achieve
that end. We do not suggest that this was his goal in initiating a grievance against
attorney Hukill, but that will be a circumstance considered in determining whether future
counsel will be allowed to withdraw should they too become the subject of a grievance. 
Finally, the trial court shall provide a copy of this order to appellant at the aforementioned
hearing. It is so ordered.

 Per Curiam


Do not publish.




“possession with intent to deliver,” and in count two “sale of a controlled substance.” 
Neither offense was “defined in the Texas Penal Code, but rather [is] found in the
Controlled Substances Act,” she continues. So, allegedly, “the charging instrument . . . did
not charge an ‘offense’ as defined in the . . . Penal Code, and the trial court [lacked]
jurisdiction to hear the matter.” Furthermore, her contention is founded upon the opinion
in State v. Colyandro, 233 S.W.3d 870 (Tex. Crim. App. 2007). In Colyandro, the court
reiterated that provisions of the Penal Code found other than under titles one, two and
three cannot be imported into or made part of an offense created by some other code or
statute. Id. at 874-75. There, the State attempted to prosecute Colyandro and others for
conspiracy to commit an offense defined in the Texas Election Code. We reject the
argument. 
          Here, the State indicted Adkins for engaging in organized criminal activities relating
to the possession and distribution of drugs. The specific offenses involved were found in
§71.02(a)(5) of the Texas Penal Code, not some other code. See Tex. Penal Code Ann.
§71.02 (Vernon Supp. 2007) (making criminal the act of unlawfully manufacturing,
delivering, dispensing, distributing or possessing a controlled substance with “the intent to
establish, maintain, or participate in a combination or in the profits of a combination or as
a member of a criminal street gang”). In other words, §71.02(a)(5) creates an offense in
and of itself; there is no need to leave the boundaries of the Penal Code to make the
offense complete. Nichols v. State, 653 S.W.2d 768, 774 (Tex. Crim. App. 1983) (so
holding). And, that circumstance removes the dispute before us from the penumbra of
Colyandro wherein the underlying offense was found in the Texas Election Code. 
          The judgment of the trial court is affirmed.
 
                                                                           Brian Quinn
                                                                          Chief Justice 
Do not publish.