IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. PD-0826-06, PD-0827-06, PD-0828-06, PD-0829-06,


PD-0830-06, PD-0831-06, PD-0832-06, PD-0833-06






THE STATE OF TEXAS


v.


JOHN DOMINICK COLYANDRO, JAMES WALTER ELLIS, and

THOMAS DALE DELAY, Appellees






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE THIRD COURT OF APPEALS

TRAVIS COUNTY




 Price, J., filed a concurring opinion.


CONCURRING OPINION


 For the reasons expressed in Judge Keasler's opinion for the Court, and in Presiding
Judge Keller's concurring opinion, I agree that we should not presently overrule the opinions
in Moore v. State and Baker v. State. (1) The Court's opinion convincingly demonstrates the
legislative ratification of the construction of the statutory scheme that those cases endorsed. 
And as Judge Keller demonstrates, to apply a new interpretation of the statutory regime
retroactively to these appellees to their detriment would, in any event, violate due process. I
therefore join the Court's opinion, as well as the Presiding Judge's concurring opinion (which
also joins the Court's opinion).

 Were we writing on the proverbial pristine slate, construing the statutory scheme for
the first time, I would be persuaded by Judge Cochran's dissenting opinion to a different view. 
She makes a compelling argument why Moore and Baker were wrongly decided. But, in the
final analysis, it should take more than an argument, however compelling, that precedent (and
especially, as here, legislatively ratified precedent) is wrong to justify overruling it, consistent
with principles of stare decisis. This is especially true, as the Presiding Judge points out, with
respect to precedent construing penal provisions, in which context the necessity for notice and
predictability is paramount. The holdings of Moore and Baker are not so unreasonable or
outlandish that we should have expected these appellees to realize that they could not rely upon
them in gauging the lawfulness of their conduct. (2)

 Having said that, I would not rule out the possibility that, on some future occasion, the
Court might justifiably overrule these questionable precedents. Our various opinions in the
present cases should arguably serve to notify the public that future reliance upon the holdings
of Moore and Baker to justify engaging in a conspiracy to commit a felony not enumerated in
the Penal Code would be, at best, unwise. Sometimes the overruling of questionable precedent
involves a "two-stage . . . process." (3)

 With these additional comments, I join the Court's opinion.


Filed: June 27, 2007

Publish
1. Moore v. State, 545 S.W.2d 140 (Tex. Crim. App. 1976); Baker v. State, 547 S.W.2d 627
(Tex. Crim. App. 1977).
2. See Ex parte Lewis, 219 S.W.3d 335, 380 (Tex. Crim. App. 2007) (Price, J., dissenting) (prior
precedent not so "unreasonable" or "outlandish" as to justify overruling it just because a present majority
of the Court perceives it to be wrong).
3. See Annotation, Prospective or Retroactive Operation of Overruling Decision, 10 A.L.R.3d
1371, §§ 7[a] & [b], at 1393 & 1396 (1966) ("[I]t is now generally recognized that a court has the power
. . . to overrule a case purely prospectively and give the overruling decision no retroactive effect
whatsoever, that is, to hold that the rule established by the overruling decision will operate only upon future
transactions or events and will not even be operative upon the parties to the overruling case.") ("It appears
true that a judicial statement purporting to 'overrule' a case wholly prospectively is in fact no more than a
dictum, since it is, by hypothesis, inapplicable to the parties or the controversy before the court. However,
especially where there has been strong reliance on an earlier decision, the most equitable way of overturning
the earlier decision may be to hold that the parties to a particular case are to have their rights governed by
the earlier decision, but to warn, by means of dictum, that anyone who subsequently relies upon the earlier
decision-after the date of the court's opinion or after some other date specified by the court-will be doing
so at his peril. * * * If a person subsequently attempts to rely on an earlier decision despite such a warning
against further reliance, the court, in deciding that person's case, can conclude that reliance after the date
specified in the warning was unjustified, and the court can then declare, as a holding rather than as dictum,
that the earlier decision is overruled. Thus, by using a two-stage overruling process, consisting first of a
warning in the form of a dictum and secondly, if necessary, of a holding overruling an earlier decision, the
court can achieve a desirable effect by changing a bad rule without defeating any strong reliance interests.").