NO. 07-07-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
______________________________

ANN MARIE ADKINS,
Â 
 Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,543-E; HON. RICHARD DAMBOLD, PRESIDING
_______________________________

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Memorandum Opinion
_________________________________
Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Â Â Â Â Â Â Â Â Â Â Through one issue, Ann Marie Adkins challenges her convictions for engaging in
organized criminal activity related to the sale of controlled substances. The convictions,
in her view, should be reversed since the indictment failed to state an offense. We
overrule the issue and affirm the judgment.
Â Â Â Â Â Â Â Â Â Â Adkins argues that the indictment failed to allege offenses since it purported to
âcharge [her] under Tex. Pen. Code Ann. 71.02(a)(5),â but alleged in count one
âpossession with intent to deliver,â and in count two âsale of a controlled substance.â 
Neither offense was âdefined in the Texas Penal Code, but rather [is] found in the
Controlled Substances Act,â she continues. So, allegedly, âthe charging instrument . . . did
not charge an âoffenseâ as defined in the . . . Penal Code, and the trial court [lacked]
jurisdiction to hear the matter.â Furthermore, her contention is founded upon the opinion
in State v. Colyandro, 233 S.W.3d 870 (Tex. Crim. App. 2007). In Colyandro, the court
reiterated that provisions of the Penal Code found other than under titles one, two and
three cannot be imported into or made part of an offense created by some other code or
statute. Id. at 874-75. There, the State attempted to prosecute Colyandro and others for
conspiracy to commit an offense defined in the Texas Election Code. We reject the
argument. 
Â Â Â Â Â Â Â Â Â Â Here, the State indicted Adkins for engaging in organized criminal activities relating
to the possession and distribution of drugs. The specific offenses involved were found in
Â§71.02(a)(5) of the Texas Penal Code, not some other code. See Tex. Penal Code Ann.
Â§71.02 (Vernon Supp. 2007) (making criminal the act of unlawfully manufacturing,
delivering, dispensing, distributing or possessing a controlled substance with âthe intent to
establish, maintain, or participate in a combination or in the profits of a combination or as
a member of a criminal street gangâ). In other words, Â§71.02(a)(5) creates an offense in
and of itself; there is no need to leave the boundaries of the Penal Code to make the
offense complete. Nichols v. State, 653 S.W.2d 768, 774 (Tex. Crim. App. 1983) (so
holding). And, that circumstance removes the dispute before us from the penumbra of
Colyandro wherein the underlying offense was found in the Texas Election Code. 
Â Â Â Â Â Â Â Â Â Â The judgment of the trial court is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Brian Quinn
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief JusticeÂ 
Do not publish.



nsel's failure to object was sound trial strategy. The record before
us establishes that trial counsel's performance was deficient. 

 Having concluded that the first prong of Strickland was satisfied, we must now
determine whether counsel's deficient performance was sufficient to undermine confidence
in the outcome. Without an opportunity to present punishment evidence appellant was
assessed the maximum punishment for a state jail felony. Tex. Pen. Code Ann. § 12.35(a)
(Vernon 1994). However, a penalty imposed within the range of punishment established
by the Legislature should not be disturbed on appeal. Nunez v. State, 565 S.W.2d 536,
538 (Tex.Cr.App. 1978); Flores v. State, 936 S.W.2d 478, 478-79 (Tex.App.-Eastland
1996, pet. ref'd). Furthermore, the trial court is vested with a great degree of discretion
in imposing an appropriate sentence. Jackson v. State, 680 S.W.2d 809, 814 (Tex.Cr.App.
1984). With an undeveloped record before us on direct appeal, appellant cannot satisfy
the second prong of Strickland. Although we agree that trial counsel's performance was
deficient, we nevertheless overrule appellant's issue.

 However, recourse for appellant is still available. Appellant can submit his
complaint by application for a post-conviction writ of habeas corpus to develop a record
focusing on counsel's conduct. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp.
2002); see Oldham v. State, 977 S.W.2d 354, 363 (Tex.Cr.App. 1998), cert. denied, 525
U.S. 1181, 119 S.Ct. 1121, 143 L.Ed.2d 116 (1999).

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Johnson, J., concurring.


Do not publish.



NO. 07-00-0149-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 2, 2002



______________________________




DONNIE YVETTE ANDERSON, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NO. 793120; HONORABLE M. WILKINSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

CONCURRING OPINION


 I concur in the result. 

 Phil Johnson

 Justice


Do not publish. 

 
1. Because a claim of ineffective assistance of counsel at the punishment phase after
an adjudication of guilt is an issue unrelated to the conviction, appellant's general notice
of appeal is sufficient to invoke our jurisdiction. See Vidaurri v. State, 49 S.W.3d 880, 884
(Tex.Cr.App. 2001).
2. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).