NO. 07-07-0387-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2008
_____

ANN MARIE ADKINS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,543-E; HON. RICHARD DAMBOLD, PRESIDING
_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Through one issue, Ann Marie Adkins challenges her convictions for engaging in organized criminal activity related to the sale of controlled substances.  The convictions, in her view, should be reversed since the indictment failed to state an offense.  We overrule the issue and affirm the judgment.

Adkins argues that the indictment failed to allege offenses since it purported to "charge [her] under Tex. Pen. Code Ann. 71.02(a)(5)," but alleged in count one "possession with intent to deliver," and in count two "sale of a controlled substance."

Neither offense was "defined in the Texas Penal Code, but rather [is] found in the Controlled Substances Act," she continues. So, allegedly, "the charging instrument . . . did not charge an 'offense' as defined in the . . . Penal Code, and the trial court [lacked] jurisdiction to hear the matter." Furthermore, her contention is founded upon the opinion in *State v. Colyandro*, 233 S.W.3d 870 (Tex. Crim. App. 2007). In *Colyandro*, the court reiterated that provisions of the Penal Code found other than under titles one, two and three cannot be imported into or made part of an offense created by some other code or statute. *Id.* at 874-75. There, the State attempted to prosecute Colyandro and others for conspiracy to commit an offense defined in the Texas Election Code. We reject the argument.

Here, the State indicted Adkins for engaging in organized criminal activities relating to the possession and distribution of drugs. The specific offenses involved were found in §71.02(a)(5) of the Texas Penal Code, not some other code. *See* TEX. PENAL CODE ANN. §71.02 (Vernon Supp. 2007) (making criminal the act of unlawfully manufacturing, delivering, dispensing, distributing or possessing a controlled substance with "the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang"). In other words, §71.02(a)(5) creates an offense in and of itself; there is no need to leave the boundaries of the Penal Code to make the offense complete. *Nichols v. State*, 653 S.W.2d 768, 774 (Tex. Crim. App. 1983) (so holding). And, that circumstance removes the dispute before us from the penumbra of *Colyandro* wherein the underlying offense was found in the Texas Election Code.

The judgment of the trial court is affirmed.


Brian Quinn

2

Chief Justice

Do not publish.