Alpheus Wayne HODGES, Appellant,

v.

The STATE of Texas, Appellee.

No. 63831.

Court of Criminal Appeals of Texas.
Panel No. 3.

June 11, 1980.

Rehearing Denied Sept. 17, 1980.

Robert Everett L. Looney, Austin, for appellant.

Ronald Earle, Dist. Atty. and Ralph B. Graham, Asst. Dist. Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for possession of phenylacetone and methylamine, said substances being possessed together with intent to manufacture methamphetamine. Appellant pled guilty and was assessed punishment of four years.

Appellant raises several grounds of error attacking the indictment and two grounds of error attacking the search warrant.[1]

▉ The search warrant issues will be considered first. The affidavit in support of the search warrant recited in relevant part:

"Affiant received information from a credible and reliable source that first name unknown—last name unknown, a white male approximately 35 years of age, with a dark beard and short dark hair, no other description available, was keeping a controlled substance, to–wit: a usable amount of marijuana, inside his residence located at 1108 Alden Drive, Austin, Travis County, Texas. Affiants source has been present inside the above described residence within the past 72 hours and has observed the above described subject in possession of a usable amount of marijuana inside the above described residence. Although I do not wish to name my source for reason of my sources safety and well–being, source has given this affiant information in the past

1. These issues may be raised despite appellant's plea because of the 1977 amendment to Art. 44.02, V.A.C.C.P.

that has proven to be true and correct and has led to the seizure of controlled substances and to the arrest of persons for violations of the Controlled Substances Act."

Appellant contends this affidavit is insufficient because it gives a description without naming him, when the officer obtaining the warrant knew or should have known his name, and because the name of affiant's source of information was not disclosed when the source could have testified whether appellant was the person seen in possession of the controlled substance.

These contentions are without merit. It was not necessary to name appellant in the search warrant. *Doby v. State*, Tex.Cr. App., 363 S.W.2d 286; *Dawson v. State*, Tex.Cr.App., 477 S.W.2d 277. Even if the officer knew appellant resided at the premises, appellant may not have even been the person seen by the informant at those premises. Obviously, more than one person may reside at a place, and it would not have been proper for the officer to have substituted appellant's name if the informant did not know the name of the person *he* saw in possession of the controlled substance at the identified residence. It also follows that it was not necessary to produce the informant to testify as to whether appellant was the person he saw, because even if he was not, it would not invalidate the warrant. These grounds of error are overruled.

We turn now to the grounds of error concerning the indictment. All complain of adverse rulings on his motions to quash.

In one ground of error appellant argues that the grand jury was illegally constituted. He asserts that an exhibit introduced at the hearing on his motion shows that one "John T. Henderson" was on the grand jury, but that "Mrs. John T. Henderson" who was not on the list of grand jurors, was elsewhere listed as assistant foreman of the grand jury. After careful examination of the exhibit referred to by appellant, we have been unable to find "Mrs. John T. Henderson" listed anywhere in the exhibit. Furthermore, even if her name did appear as asserted by appellant, there is no showing that she was present during deliberations on appellant's case, and we would not be able to presume her presence since nine grand jurors would be a quorum. See, Arts. 19.40, 20.19, 27.03(2), V.A.C.C.P. This ground of error is overruled.

The remaining challenges to the indictment concern the construction and application of various sections of the Controlled Substances Act, Art. 4476–15, V.A.C.S. We set out the sections in issue:

Sec. 1.02(5):

" 'Controlled substance' means a drug, substance, or immediate precursor listed in Schedules I through V and Penalty Groups 1 through 4 of this Act."

Sec. 2.01:

"The legislature determines that the substances listed in Schedules I, II, III, IV and V and in Penalty Groups 1, 2, 3, and 4 shall be controlled substances."

Sec. 2.04(a), (d), (e)(2):

"(a) Schedule II shall consist of the controlled substances listed in this section."

"(d) Phenylacetone and methylamine if possessed together with intent to manufacture methamphetamine."

"(e) Unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system:

"(1) . . .

"(2) methamphetamine, . . . "

Sec. 4.02(a), (b)(6), (8):

"(a) For the purpose of establishing criminal penalties for violation of a provision of this Act, there are established the following groups of controlled substances.

"(b) Penalty Group 1. Penalty Group 1 shall include the following controlled substances:

.    .    .    .    .

"(6) Methamphetamine . . .

.    .    .    .    .

"(8) Phenylacetone and methylamine, if possessed together with intent to manufacture methamphetamine."

Sec. 4.03(a), (b)(1):

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance listed in Penalty Group 1, 2, 3 or 4.

"(b) An offense under Subsection (a) of this section with respect to:

"(1) a controlled substance in Penalty Group 1 is a felony of the first degree."

Sec. 4.04(a), (b)(1):

"(a) Except as authorized by this Act, a person commits an offense if he knowingly or intentionally possesses a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of· his professional practice.

"(b) An offense under Subsection (a) of this section with respect to:

"(1) a controlled substance in Penalty Group 1 is a felony of the second degree."

In two grounds of error appellant argues there is a conflict between the definition of methamphetamine in Schedule II, Sec. 2.04(e), supra, and in Penalty Group 1, Sec. 4.02(b)(6), supra, because the former requires a "quantity . . . having a potential for abuse associated with a stimulant effect on the central nervous system" while the latter does not, and that the indictment does not indicate which definition is used. This does not show a difference in *definition* of methamphetamine, but simply a difference in the quantity required for the distinct purposes of *regulation* under the schedules as distinguished from criminal penalties under the penalty groups. These grounds of error are overruled.

Appellant also argues that the phrase "if possessed together with intent to manufacture methamphetamine" in Sec. 4.02(b)(8), supra, constitutes an unlawful delegation of legislative authority requiring that his motion to quash be granted. We cannot imagine how this intent element constitutes a delegation of legislative authority. Almost every offense includes such an element. See, V.T.C.A., Penal Code Sec. 6.02.

Elsewhere appellant argues that the definition of controlled substance in Sec. 1.02(5) requires a substance be listed in both a penalty group *and* a schedule before it is a controlled substance. Apart from the fact that phenylacetone, methylamine, and methamphetamine are all listed in both Schedule II (Sec. 2.04(d), (e)(2), supra) and Penalty Group 1 (Sec. 4.02(b)(6), (8), supra), we think the plain language of Secs. 1.02(5), 2.01, 2.04(a) and 4.02(a) indicates that *any* substance in *any* penalty group or *any* schedule is a controlled substance. Only the criminal and regulatory consequences depend on the penalty group or schedule in which the substance is listed. The ground of error is overruled.

The remaining issues in this case concern exactly what offense is charged. Appellant contends a fatal ambiguity exists between Sec. 4.03(a), (b)(1), supra, and Sec. 4.04(a), (b)(1), supra, when those provisions are applied to Sec. 4.02(b)(8), supra. The last provision lists in penalty group 1: "Phenylacetone and methylamine, if possessed together with intent to manufacture methamphetamine." Sec. 4.04 makes possession of a penalty group 1 controlled substance a second degree felony, while Sec. 4.03 makes possession of such a substance "with intent to manufacture" a first degree felony. Appellant argues that since the substance listed in Sec. 4.02(b)(8) includes in its definition the phrase "with intent to manufacture methamphetamine," a fatal ambiguity exists as to whether mere possession of that substance is a first degree or second degree felony. The indictment against appellant alleged in relevant part that appellant did:

"knowingly and intentionally possess a controlled substance, to–wit: phenylacetone and methylamine, said substances being possessed together with intent to manufacture methamphetamine. . . "

The State responds with the argument that under the plain language of Sec. 4.02(b)(8), supra, phenylacetone and methylamine are not controlled substances *unless* possessed together with intent to manufacture methamphetamine, and that therefore mere possession of the former two substances without such intent is no offense at all. Under this theory the substance listed in Sec. 4.02(b)(8) could never support a conviction under Sec. 4.04, and could only support an offense under Sec. 4.03. We agree with this analysis of the act. If the substance is possessed with the requisite intent to manufacture, an offense under Sec. 4.03(a) is committed. If there is no such intent to manufacture, there is no offense.

The State points out that, the offense in this case being a first degree felony, the punishment of four years assessed against appellant must be set aside because it is less than the minimum of five years allowed by law. We agree and set aside the punishment. We further observe, however, that when appellant entered his guilty plea he was admonished that the punishment range was two to twenty years. Because the minimum punishment that may be assessed must be greater than the minimum he was told in the admonishment, the guilty plea must likewise be set aside. To remand for punishment only would subject appellant to harm by virtue of the prior erroneous admonishment in violation of Art. 26.13, V.A.C.C.P.

The judgment is reversed and the cause remanded.