

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00116-CR
_____


ROY CURTIS WARREN, JR. Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 19,999-2007



Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Roy Curtis Warren, Jr., pled guilty to the second degree felony charge of possession of one or more grams, less than four grams, of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (Vernon 2003). The indictment alleged two prior felony convictions, which would enhance Warren's punishment range to that of a habitual offender, specifically, not less than twenty-five years' confinement, and not more than ninety-nine years or life. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2008). The trial court accepted Warren's plea and sentenced him to thirty years' incarceration. The trial court's final judgment found that one of the enhancement allegations was true, causing Warren to be punished for a first degree felony (five to ninety-nine years or life and a $10,000.00 fine). *See* TEX. PENAL CODE ANN. § 12.32 (Vernon 2003), § 12.42(b) (Vernon Supp. 2008). On appeal, Warren claims his plea was not voluntarily entered, and thus he is entitled to a new trial. We reject his appellate arguments and affirm the trial court's judgment.

## I.      The Plea

Warren pled guilty to the trial court May 9, 2008. He stated that he understood he was giving up his right to a trial by jury and confessing his guilt to the charged crime, and that he had reviewed the stipulations and waivers, signed by Warren, with his attorney. As alleged in the indictment containing two enhancement allegations, the range of punishment was from twenty-five to ninety-nine years or life. TEX. PENAL CODE ANN. § 12.42(d). However, the trial court told Warren that his "exposure" or punishment range, due to the alleged enhancements, was not less than fifteen years

2

and not more than ninety-nine years or life imprisonment. This is the source of Warren's appellate allegation that his plea was not entered voluntarily. The trial court accepted Warren's plea of guilty but, since Warren had filed a motion for deferred adjudication, the trial court withheld a determination of guilt until a presentence investigation (PSI) report could be compiled.

**2.     Sentencing**

On May 28, 2008, the trial court heard evidence regarding punishment and sentencing. Before presenting evidence, the State requested the trial court take judicial notice of the contents of the PSI report "particularly with respect to the prior plea of true to the enhancements of that particular indictment." Defense counsel added he had no objection, and the trial court said, "I do take such notice." Chase Mannly testified he was a parole officer supervising Warren for the underlying offense of delivery of a controlled substance. David Margos, a community supervision officer who prepared the PSI report, testified that, at the time Warren committed the instant offense, he was on parole for one felony conviction and on community supervision for another. He further testified Warren was not a candidate for treatment or deferred adjudication due to his "very lengthy criminal history." Also, Margos testified the range of punishment for Warren's instant offense was twenty-five years to life in prison due to Warren's multiple felony convictions. No question was raised on cross-examination of Margos or otherwise as to the punishment range.

Warren testified he was initially sent to prison for unauthorized use of a motor vehicle and later was convicted of possession of a controlled substance and delivery of a controlled substance.

3

Ultimately, the trial court found as true only the enhancement paragraph alleging that Warren had been previously convicted of the felony offense of possession of a controlled substance (the first enhancement paragraph). Therefore, after presentation of the evidence, the range of punishment was enhanced from a second to a first degree felony (five to ninety-nine years or life and a $10,000.00 fine).

## 3. Trial Court's Admonishment

The crux of Warren's point of error is that, because the trial court admonished Warren with an incorrect range of punishment, Warren's plea of guilty was not made voluntarily. As stated earlier, in the indictment the State alleged two prior felony convictions which, if true, would have enhanced the range of punishment. A second degree felony, enhanced by two prior felony convictions "in sequence,"[1] increases the available punishment to not less than twenty-five years, and not more than ninety-nine years or life in prison. TEX. PENAL CODE ANN. § 12.42(d). However, the trial court told Warren the punishment range for his indictment was "not less than 15 years or more than 99 years or life" in prison. This would have been the punishment range if Warren were charged with a first degree felony enhanced with one prior felony conviction. *See* TEX. PENAL CODE ANN. § 12.42(c)(1) (Vernon Supp. 2008). Further, nowhere in the record does Warren make a plea of true or not true to the enhancement allegations, and the trial court made no finding on the enhancement

---

[1] I.e., "the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." TEX. PENAL CODE ANN. § 12.42(d).

4

charges during the trial.[2]  The judgment contains a finding that one of the enhancement allegations was true.

**4.       Voluntariness of Plea**

A guilty plea is generally considered voluntary if the defendant was made fully aware of the direct consequences of the plea.  *State v. Jimenez*, 987 S.W.2d 886, 888 (Tex. Crim. App. 1999). Article 26.13(a) of the Texas Code of Criminal Procedure requires that the trial court admonish the defendant as to the consequences of his or her guilty plea, including the punishment range.  TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (Vernon Supp. 2008).  The statute provides that substantial compliance by "the [trial] court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."  TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon Supp. 2008).  "When a record shows that the trial court delivered an incorrect admonishment regarding the range of punishment, and the actual sentence lies within both the actual and misstated maximum, substantial compliance is attained."  *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing *Robinson v. State*, 739 S.W.2d 795 (Tex. Crim. App. 1987)).  Here, the trial court admonished Warren that his sentence could be a term of confinement of ninety-nine years or life, the maximum sentence for both the actual and misstated range of punishment.

---

[2]This argument is not an independent issue on appeal, but is only raised in connection with Warren's single point of error—that his plea was not voluntarily entered.

When the trial court duly admonishes the defendant and substantially complies with Article 26.13, a prima facie showing is made that the guilty plea was entered knowingly and voluntarily. *Id.* This Court found in *Myers v. State*, 780 S.W.2d 441 (Tex. App.—Texarkana 1989, pet. ref'd), that the Texas Court of Criminal Appeals had determined that there are two situations where an admonishment on the range of punishment did not pass the substantial compliance test: (1) when the defendant received a greater sentence than the court informed the defendant was possible for the charged offense, *Weekley v. State*, 594 S.W.2d 96 (Tex. Crim. App. [Panel Op.] 1980), or (2) when the sentence actually imposed was outside the range allowed by statute. *Hodges v. State*, 604 S.W.2d 152 (Tex. Crim. App. [Panel Op.] 1980). Here, Warren did not receive a greater punishment than the court admonished him was possible. Further, the sentence actually imposed, thirty years' imprisonment, was within the range provided for by Section 12.42(d). We conclude the court substantially complied with the requirements of Article 26.13(a)(1).

The burden then shifts to Warren to show that he entered the plea without understanding the consequences of such plea and, therefore, was harmed by the erroneous admonishment. *See Ex parte Smith*, 678 S.W.2d 78, 79 (Tex. Crim. App. 1984). We determine the voluntariness of a plea of guilty from the totality of the circumstances viewed in light of the entire record. *Ducker v. State*, 45 S.W.3d 791, 796 (Tex. App.—Dallas 2001, no pet.).

Warren has not presented any rationale or evidence to show his plea was entered without understanding its consequences or how he was harmed by the admonition. Instead, Warren argues

6

that it is "apparent" that his plea of guilty was not voluntary. We disagree. There is nothing to indicate that Warren was not aware of the consequences of his plea and that he was misled or harmed by the trial court's admonishment. The State's indictment alleged two prior felony convictions in sequence as contemplated by the enhancing statute. The caption on the indictment alleged Warren was charged as a habitual offender. The State gave Warren written notice it would present evidence of four prior felony convictions. Warren voiced no question or concern when one witness stated the range was twenty-five years to life. Twice, while testifying, Warren acknowledged he faced up to life in prison. And when the State, in closing arguments, described the range of punishment as "25 years to 99 or live [sic]," Warren raised no objection. In his closing argument, defense counsel conceded the trial court could "send Mr. Warren to the penitentiary for life." Warren has failed to demonstrate he made his plea without understanding the consequences.[3]

In addition to the statements made at the sentencing hearing, about a week before entering his plea of guilty, Warren filed a "Motion to Defer Adjudication," in which he acknowledged, "Defendant has four prior felony convictions." Even with only one prior felony conviction, Warren's range of punishment was that of a first degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b).

5.     **Conclusion**

The admonishment of the trial court was in substantial compliance with the statutory mandate. After reviewing the entire record, we find there is no evidence presented that Warren was

---

[3]Warren also testified he had an IQ of 126 and agreed he was a "bright person," which belies any argument he did not understand the consequences of his plea.

not aware of the consequences of his plea or that he was misled or harmed by the admonishment of the trial court. Accordingly, we overrule his point of error alleging his plea of guilty was not voluntary.

We affirm the trial court's judgment.


Jack Carter
Justice

Date Submitted:     January 21, 2009
Date Decided:       January 22, 2009

Do Not Publish