Opinion issued October 1, 2009







 




     




In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00206-CR




KELLY JEANETTE SAXTON, Appellant

v.

THE STATE OF TEXAS, Appellee




On Appeal from the 3rd District Court
Anderson County, Texas
Trial Court Cause No. 29279




MEMORANDUM OPINION 

          Appellant, Kelly Jeanette Saxton, pleaded guilty, without an agreed punishment
recommendation from the State, to the offense of possession of a controlled
substance, namely methamphetamine, weighing less than one gram by aggregate
weight.


 Following a presentence investigation, the trial court sentenced appellant
to two years in prison. This appeal followed.


 In one issue, appellant asserts that her
guilty plea was “not voluntary because she was not informed of her potential range
of punishment at the time of [the] plea.” 
          A guilty plea will be accepted as constitutionally valid only with an affirmative
showing that such a plea was entered knowingly and voluntarily. See Brady v. U.S.,
397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); Mitschke v. State, 129 S.W.3d 130,
132 (Tex. Crim. App. 2004). Texas Code of Criminal Procedure article 26.13
requires, inter alia, that the trial court admonish a defendant of the applicable range
of punishment before a plea of guilty or a plea of nolo contendere. See Tex. Code
Crim. Proc. Ann. art. 26.13(a) (Vernon 2009). 
          Here, appellant pleaded guilty to the offense of possession of a controlled
substance, namely methamphetamine, weighing less than one gram by aggregate
weight, which is a state jail felony. See Tex. Health & Safety Code Ann.
§ 481.102(6) (Vernon Supp. 2008) (classifying methamphetamine as penalty group
1 drug); § 481.115(a), (b) (Vernon 2003) (providing that possession of penalty group
1 drug, weighing less than one gram, is a state jail felony). The punishment range for
a state-jail felony is confinement in a state jail for not more than two years or less
than 180 days, and an optional fine not to exceed $10,000. See Tex. Penal Code
Ann. § 12.34 (Vernon 2003).
          The record reflects that the trial court admonished appellant orally and in
writing regarding the applicable punishment range. See Tex. Code Crim. Proc.
Ann. art. 26.13(d) (providing that admonishments may be oral or written). The trial
court orally informed appellant that she was eligible for “probation” but could receive
a maximum sentence of two years in state jail. Appellant orally acknowledged that
she understood the punishment range. Plea papers signed by appellant informed
appellant that the punishment range for the subject offense was “180 days to 2 years
State Jail.” Appellant was not informed that a guilty plea also subjected her to an
optional fine of $10,000.
          When admonishing a defendant, a trial court’s substantial compliance with
article 26.13 is sufficient. See id. art. 26.13(c); see also Martinez v. State, 981
S.W.2d 195, 197 (Tex. Crim. App. 1998). If the record shows the trial court delivered
an incorrect admonishment regarding the range of punishment, and the actual
sentence lies within both the actual and misstated maximum, then substantial
compliance with article 26.13 is attained. Martinez, 981 S.W.2d at 197. The
admonishment does not substantially comply when the defendant receives a greater
sentence than the court informed the defendant was possible for the charged offense,
see Weekley v. State, 594 S.W.2d 96 (Tex. Crim. App. 1980), or when the sentence
actually imposed is outside the range allowed by the statute. Hodges v. State, 604
S.W.2d 152, 156 (Tex. Crim. App. 1980).
          Here, the trial court sentenced appellant to two years in state jail. The trial
court did not assess a fine as part of appellant’s punishment. This sentence is within
the maximum range of punishment of which appellant was informed and is within the
statutory range. Thus, with respect to punishment, we conclude that the trial court
substantially complied with article 26.13. See Martinez, 981 S.W.2d at 197; cf
Williams v. State, 770 S.W.2d 81, 84 (Tex. App.—Dallas 1989, no pet.) (concluding
trial court did not substantially comply with statute because defendant received
greater sentence than court informed him was possible—correct punishment range
included a fine, court failed to admonish defendant of fine, and court imposed fine as
part of punishment).
          The trial court’s substantial compliance with article 26.13 established a prima
facie showing that appellant entered a knowing and voluntary plea. See Martinez,
981 S.W.2d at 197. The burden then shifted to appellant to show that she entered the
plea without knowing its consequences and was thereby harmed. See id.; see also
Tex. Code Crim. Proc. Ann. art. 26.13(c). In her brief, appellant makes no claim
or showing that she entered her plea without knowing its consequences or that she
was harmed. 
          We overrule appellant’s sole issue and affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. See Tex. R. App. P. 47.2(b).