Opinion issued
July 29, 2010  

 

 

 

            

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO. 01-09-00078-CR

________________

 

JOHN PAUL PLATTENBURG, Appellant

 V. 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1162936

 

 



MEMORANDUM OPINION

          Appellant,
John Paul Plattenburg, pleaded guilty to possession with intent to deliver a
controlled substance and was sentenced to 20 years’ confinement.  On appeal, appellant contends the trial court
erred by improperly admonishing him as to the incorrect range of punishment for
the offense and his guilty plea was therefore involuntary.  The State rejects this argument but concedes
the trial court erroneously sentenced appellant by assessing a term of
incarceration without a fine and that a new punishment hearing is therefore
required.  We remand this case for a new
punishment hearing. 

BACKGROUND

          Appellant
was indicted for the offense of possession with intent to deliver a controlled
substance, namely dihydrocodeine (hydrocodone), weighing at least 400
grams.  See Tex. Health & Safety
Code Ann. § 481.112(a) (Vernon 2010) (“[A] person commits an offense if
the person knowingly manufactures, delivers, or possesses with intent to
deliver a controlled substance . . .,” including hydrocodone).  Because the hydrocodone in appellant’s
possession weighed at least 400 grams, the applicable range of punishment was
confinement for life or for a term of 15 to 99 years, and a fine not to exceed
$250,000.  Id. § 481.112(f).   

          Appellant
entered a guilty plea and signed a “waiver of constitutional rights, agreement
to stipulate and judicial confession.” 
As part of his written guilty plea, appellant pleaded guilty to the
charge as recited in the indictment and acknowledged that the prosecutor had
not made a sentencing recommendation.  The
plea was signed by appellant, appellant’s counsel, the Assistant District
Attorney, and the trial court.  

Appellant also signed a set of
admonishments, statements, and waivers. 
That document stated, “Pursuant to Article 26.13(d), Code of Criminal
Procedure, the Court admonishes you the Defendant as follows and instructs you
to place your initials by each item if you fully understand it . . . . [Y]ou
are charged with the felony offense of Possession with the intent to deliver of
at least 400 grams.”  The document
contained several paragraphs listing degrees of crimes and applicable
punishments.  None of the printed
paragraphs corresponded to the degree of crime with which appellant was charged
and the applicable statutory punishment range of 15 to 99 years or confinement
for life.  

Of the list of possible punishments that
did appear, several paragraphs, including the paragraph entitled “FIRST DEGREE
FELONY,” were crossed out.  Appellant’s
initials do not appear next to the paragraph describing the range of
punishments for a first degree felony. 
Appellant did, however, initial the paragraphs describing the range of
punishments for second degree felonies (2–20 years confinement and a fine up to
$10,000), third degree felonies (2–10 years confinement and a fine up to
$10,000), and for state jail felonies.  A
final category of “Other” is circled and contains a handwritten note, “10
years—99 years or life and up to $250,000 fine.”  Appellant did not place his initials next to
this paragraph.[1]  

Appellant also initialed numerous
other paragraphs, including those waiving his rights to have the trial court
orally admonish him and to have a reporter’s record made of the entry of his
plea.  The document was signed by
appellant, appellant’s counsel, the Assistant District Attorney, and the trial
court.  There is no reporter’s record in
this appeal transcribing any entry of appellant’s plea or any oral
admonishments given by the trial court.  

The trial court heard evidence at the
sentencing phase.  At the close of
evidence, the State asked that appellant be confined for 30 years.  The trial court orally pronounced appellant’s
punishment at 20 years’ confinement but failed to assess a fine.  The trial court’s written judgment states
appellant was convicted of a “1ST DEGREE FELONY” and sentenced to “20 YEARS
INSTITUTIONAL DIVISION, TDCJ.”  The
judgment did not assess a fine, containing the note “N/A” in the blank for the
fine to be assessed.  The judgment also
stated the sentence of confinement was to be suspended and placed appellant on
community supervision.[2]

ANALYSIS

          In
a single point of error, appellant contends his guilty plea was involuntary
because the trial court improperly admonished him regarding his range of
punishment.  Appellant’s brief points out
he did not initial the paragraph stating he could be sentenced to “10 to 99 years
or life and up to $250,000 fine.”  Appellant
only initialed the paragraphs relating to second- and third-degree felonies and
lesser crimes.  Contending that the
20-year sentence he received is in excess of the paragraphs he initialed, appellant
asks us to reverse the judgment of the trial court and remand the case for a
new trial.           

Although the State contends
appellant’s point of error about his admonishments lacks merit, it does concede
appellant’s sentence is void for want of a mandatory fine imposed by the Health
and Safety Code.  The State admits the
sentence assessed is illegal and the proper remedy is for this Court to remand
for a new punishment hearing.  

I.                 
Voluntariness of Plea

To comply with due process, a
defendant’s plea must be knowing and voluntary. 
See Brady v. United States,
397 U.S. 742, 748–49 (1970).  A plea is
generally considered voluntary if entered after a defendant is made fully aware
of the direct consequences of the plea.  State v. Jimenez, 987 S.W.2d 886, 888
(Tex. Crim. App. 1999) (en banc).  

The Fourteenth Amendment provides
that no state may “deprive any person of life, liberty, or property, without
due process of law.”  Consistent with
that guarantee, a guilty plea is valid only if it represents a voluntary and
intelligent choice among the alternative courses of action open to the
defendant.  North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160 (1970); Brady v. United States, 397 U.S. 742,
747, 90 S. Ct. 1463 (1970); McCarthy v.
United States, 394 U.S. 459, 466, 89 S. Ct. 1166 (1969); Kniatt v. State, 206 S.W.3d 657, 664
(Tex. Crim. App. 2006).  An involuntary
guilty plea must be set aside.  Boykin v. Alabama, 395 U.S. 238, 244, 89
S. Ct. 1709, 1713 (1969); Williams v.
State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).  When reviewing the voluntariness of a guilty
plea, the record is viewed as a whole and voluntariness of a plea is determined
by the totality of the circumstances.  Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); Griffin v. State,
703 S.W.2d 193, 196 (Tex. Crim. App. 1986); Edwards
v. State, 921 S.W.2d 477, 479 (Tex. App.—Houston [1st Dist.] 1996, no pet.)
(voluntariness of plea is determined by examination of totality of circumstances).


The only complaint appellant raises
regarding the voluntariness of his plea is that he was improperly admonished as
to the range of punishment and thus his plea was not voluntary and
intelligent.  Appellant does not complain
of the sufficiency of the numerous other admonishments he signed.  A guilty plea may be voluntary and
intelligent, even if a defendant is misled or confused regarding the sentence
he may receive.  Ex parte Gibauitch, 688 S.W.2d 868, 872 (Tex. Crim. App. 1985)
(holding that mere assertion that defendant might have requested jury trial had
proper range of punishment been given does not demonstrate harm for purpose of
establishing that plea was involuntary or unknowing, especially when there is
no plea bargain); see also Aguirre-Mata v. State, 125 S.W.3d 473,
474 n.4 (Tex. Crim. App. 2003) (en banc) (“Admonishing a guilty-pleading
defendant that the consequences of a guilty plea are the admission of the
factual elements of the charged crime and a waiver of various constitutional rights
without admonishing the defendant on the range of punishment literally
satisfies [the requirements of Boykin].”).  

The record from the punishment
hearing in this case reveals that appellant was aware of the possible
consequences of his plea.  In closing
statements, appellant’s counsel argued that appellant’s guilty plea was an
indication that he had “accepted [his] responsibility” and “made the decision
to put that punishment in [the court’s] hands.” 
Appellant’s counsel concluded by stating, in part, “But I say to you
again, he’s come to you like a man and he’s told you, I am guilty.”  In its closing argument, the State asked for
30 years’ incarceration—beyond the 20-year upper range that appellant had
initialed—arguing, “He is not a probation candidate, Judge. . . .  [E]ach and every time he committed a felony
offense that we know about, each one of those offenses is 10 years to
life.”  After the State’s remarks, the
Court asked whether appellant “had anything to say” before sentence was
pronounced.  Appellant responded, “No,
your Honor.”  

          The
State’s closing remarks specifically referred to the possibility that appellant
could be sentenced for 30 years or life—sentences possible only under a first
degree felony conviction.  Neither
appellant nor his counsel objected to these statements, and appellant did not
bring the apparent contradiction of the admonishments he initialed to the
court’s attention when the court asked him whether he wished to say
anything.  Finally, the trial court
sentenced appellant to 20 years, a sentence that was within the range of
punishment of which appellant was admonished in writing and that he
initialed.  In light of these facts, the
record as a whole does not demonstrate that appellant’s guilty plea was not
voluntary and intelligent.

II.              
Improper Admonishment

 “[T]o ensure that only a constitutionally
valid plea is entered and accepted by the trial court,” and to assist the trial
court in making the determination that defendant’s relinquishment of rights is
knowing and voluntary, Texas law requires the trial court to admonish a
defendant before accepting a plea of guilty or no contest.  Carranza
v. State, 980 S.W.2d 653, 656 (Tex. Crim. App. 1998) (en banc) (quoting Ex parte Morrow, 952 S.W.2d 530, 534
(Tex. Crim. App. 1997) (en banc), cert. denied, 525 U.S. 810 (1998)); see Tex.
Code Crim. Proc. Ann. art.
26.13(a) (Vernon 2009).  One of these
statutorily required admonitions is the range of punishment attached to the
offense; however, it is not constitutionally required.  See
Tex. Code Crim. Proc. art.
26.13(a)(1); Aguirre-Mata, 125 S.W.3d
at 475–76.

The trial court is required to
substantially comply with the requirements of Article 26.13(a), either orally
or in writing.  Tex. Code Crim. Proc. Ann. art. 26.13(c), (d).  If the record shows the trial court delivered
an incorrect admonishment regarding the range of punishment, and the actual
sentence lies within both the actual and misstated maximum, then substantial
compliance with Article 26.13 is attained.  Martinez
v. State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  On the other hand, the admonishment does not
substantially comply when the defendant receives a greater sentence than the
court informed the defendant was possible for the charged offense, see Weekley
v. State, 594 S.W.2d 96 (Tex. Crim. App. 1980), or when the sentence
actually imposed is outside the range allowed by the statute.  Hodges
v. State, 604 S.W.2d 152, 156 (Tex. Crim. App. 1980).  Neither of these problems is present
here.  

A failure to properly admonish a
defendant about the range of punishment before accepting a guilty plea is
subject to harmless error analysis under Texas Rule of Appellate Procedure
44.2(b).  Aguirre-Mata v. State, 125 S.W.3d at 474.  In conducting this harm analysis, we must
disregard the error unless it affected appellant’s substantial rights.  Tex.
R. App. P. 44.2(b); Burnett v.
State, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).  In the context of a guilty plea, an error
affects substantial rights when, considering the record as a whole, we do not
have a fair assurance that the defendant’s decision to plead guilty would not
have changed had the trial court properly admonished him.  Anderson
v. State, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006).

Assuming the trial court improperly
admonished him, appellant’s brief does not provide an explanation of how his
decision to plead guilty would have been impacted if the trial court had
properly admonished him.  Given that the
sentence he received is within the range for which he was admonished, we hold
appellant has failed to show that the error affected his plea.  

Evidence presented during the
sentencing portion of appellant’s trial revealed appellant, a professional
pharmacist, was the target of a sting operation by the D.E.A. in which, on
three occasions, he illegally sold several thousand pills of narcotics to a
confidential informant.  One witness
testified he had illegally purchased narcotics from appellant at least ten times
and he did so by using multiple prescriptions at one time, as well as without
any prescriptions at all.  Other evidence
showed that appellant had “over a kilo of hydrocodone and over a kilo of Xanax
riding around in his truck with him.” 
Finally, appellant did not object to or contradict the State’s assertion
that he could be sentenced to a life term, thus lending support to an inference
that he and his counsel were aware such a possibility existed. 

In light of the lack of any evidence
that appellant’s decision to plead guilty would have changed if the trial court
had given a different admonishment, we hold that there is no evidence appellant
was harmed by an improper admonishment of the trial court.  See,
e.g., Anderson v. State, 182
S.W.3d at 919.  Accordingly, we overrule
appellant’s issue on appeal.

III.          
Failure to Assess Fine

The Texas Health and Safety Code requires that both
confinement and a fine be assessed in cases involving possession with intent to
deliver at least 400 grams of hydrocodone. 
See Tex. Health & Safety Code Ann. § 481.112(f).  The trial court sentenced appellant to a term
of confinement but did not assess a fine. 


A sentence outside the statutory
limits is void.  Hern v. State, 892 S.W.2d 894, 896 (Tex. Crim. App. 1994).  “A void sentence cannot be waived.”  Ibarra
v. State, 117 S.W.3d 282, 284 (Tex. App.—Houston [1st Dist.] 2005, no
pet.)  In Mizell v. State, the Court of Criminal Appeals explained that “a
sentence that is outside the maximum or minimum range of punishment is
unauthorized by law and therefore illegal.” 
119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  Since a punishment outside statutory limits
is void as a matter of law, a court has no authority to simply modify the
sentence by adding a punishment of any amount “even in the interest of judicial
economy and fairness or even if the addition is de minimis.”  Ibarra,
117 S.W.3d at 284 (citing Reed v. State,
795 S.W.2d 19, 19–21 (Tex. App.—Houston [1st Dist.] 1990, no pet.) and Scott v. State, 988 S.W.2d 947, 948
(Tex. App.—Houston [1st Dist.] 1999, no pet.)). 
Where a sentence is outside the statutory limits, the only remedy is a
new punishment hearing.  See Tex.
Code Crim. Proc. Ann. art.
44.29(b) (Vernon Supp. 2008); Ibarra,
177 S.W.3d at 284; Scott, 988 S.W.2d
at 948.  

          The
facts of Ibarra v. State are
strikingly similar to the instant case. 
177 S.W.3d at 282.  In Ibarra, the appellant pleaded guilty,
without an agreed punishment recommendation, to aggravated first degree
possession with intent to deliver a controlled substance (cocaine) weighing over
400 grams in violation of section 481.112(a) of the Texas Health and Safety
Code.  Id. (citing Tex. Health
& Safety Code Ann. § 481.112(a) (Vernon 2003)).  Because the amount of cocaine exceeded 400
grams, the offense was punishable by confinement for life or 15 to 99 years and
a fine not to exceed $250,000.  Id. 
The trial court orally pronounced the appellant’s punishment at 15
years’ confinement, whereas the written judgment reflected the 15 years’
confinement but also included a $1 fine that was not orally pronounced.  Id.  Consequently, trial counsel requested that
the court delete the fine because it was not pronounced orally.  Id.  On the other hand, the State argued that the
proper remedy was to remand the case for a new punishment hearing because the
oral sentence, which trumps the written sentence, did not include the requisite
fine.  Id.  On appeal, we found that
the sentence was erroneous: “The trial judge erred in not assessing a fine as
required for a conviction under section 481.112(f).”  Id.
(citing Tex. Health & Safety Code
Ann. § 481.112(f)
and Scott, 988 S.W.2d at 948).        Appellant is convicted of the same
offense as the appellant in Ibarra.  The law mandates the same result—reversal of
the judgment and a remand for a new punishment hearing.  

CONCLUSION

We overrule appellant’s issue.  Because, however, we conclude that
appellant’s sentence is void as a matter of law due to the trial court’s
failure to assess a fine in addition to a period of incarceration, we reverse
that portion of the judgment and remand the case for a new punishment hearing
pursuant to Article 44.29(b) of the Texas Code of Criminal Procedure.  See
Tex. Code Crim. Proc. art.
44.29(b). 

 

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.

Do not publish.  See Tex. R. App. P. 47.2(b)











[1]           This
handwritten notation appears to have been intended to admonish Appellant of the
range of punishment he faced for possession of at least 400 grams of  hydrocodone. 
However, as we noted above, the actual minimum term of confinement for
this crime is 15 years.  Tex. Health & Safety Code Ann. § 81.112(f).   

 





[2]           The
judgment stated that community supervision was to be assessed “for the adjudged
period,” however, the applicable statute does not appear to allow for community
supervision for a period of twenty years. 
Tex. Code Crim. Proc. Ann.  art. 42.12 § 3(b) (Vernon 2009) (maximum
period of community supervision is ten years). 
Nonetheless, neither side raises this issue and, in light of our
disposition, we need not reach it.